Mr. Steve N. Wilson, Director Arkansas Game and Fish Commission 2 Natural Resources Drive Little Rock, Arkansas 72205
Dear Mr. Wilson:
This is in response to your request, pursuant to A.C.A. §25-19-105(c)(3)(B), for an opinion on whether certain records in the personnel file of a wildlife enforcement officer should be released under the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. §§25-19-101 to -107 (Repl. 1996 and Supp. 1997). Specifically, you indicate that an attorney for two citizens has requested copies of "each and every complaint filed with your agency by my clients against [the wildlife officer]," and a "copy of each and every attachment to the complaint forms which have been filed, as well as a copy of the disposition of each of those complaints."
You indicate that after a review by your agency, the Human Resources Division and Legal Division have determined that the complaints and attachments thereto are "personnel records" of the officer, and that the dispositions made of the complaints are "employee evaluation or job performance records." You have enclosed copies of some of the relevant records for my review. Specifically, you have enclosed copies of two complaints, with attachments, and two disposition documents. You note that your legal division is of the opinion that the dispositions and associated internal investigation records (which you have not enclosed), are probably not subject to public inspection since, under the circumstances, there has been no demonstration of any "compelling public interest" in their disclosure. Your question in this regard is whether "if the two dispositions and related internal investigation records are not released, under the third prong ("compelling public interest") requirement of A.C.A. § 25-19-105(c)(1), will the refusal to release both, or either of, the dispositions be in violation of the Freedom of Information Act?"
Your question inquires only as to the dispositions and internal investigation records, and does not inquire about the first category of records requested, the complaints. Neither have you indicated what the decision of your agency is as to the release of the complaints. I assume that these records are not at issue because the requesters themselves generated the complaints, and are obviously aware of their contents.
As to the disposition records and internal investigation records, these records are subject to inspection and copying only to the extent that they formed a basis for a suspension or termination. As noted in Op. Att'y. Gen. 97-176, "[s]uspension or termination is a prerequisite to release of evaluation or job performance records." In this regard, a portion of the first disposition document enclosed with your request details a suspension. That portion of the document is therefore subject to disclosure assuming all administrative appeals of the suspension are final, and if there is a compelling public interest in its disclosure. It is this prong of the test to which your question relates.
You indicate that "there has been no demonstration of any `compelling public interest' in [the] disclosure" of these records. I should note, as an initial matter, that in my opinion, the requester is not required to "demonstrate" the compelling public interest in disclosure. That is, the burden does not fall on the requester to prove the existence of such an interest. The custodian, in my opinion, must make an independent determination of whether the nature of the incident giving rise to the suspension or termination leads to a compelling public interest in disclosure.
The document in question indicates that the officer was suspended for a particular violation of agency policy. I have previously stated in this regard that suspensions or terminations for violations of department or agency policy can lead to a compelling public interest in disclosure.See, e.g., Op. Att'y. Gen. 93-420. More specifically, I have noted that: "it is my opinion that the nature of the problem that led to the suspension compels disclosure in this instance where the activities detailed in the records violated administrative rules and policies aimed at conduct which could undermine the public trust and/or compromise public safety. Op. Att'y Gen. 97-400 at 2, citing Watkins, The ArkansasFreedom of Information Act (mm Press 2d ed. 1994). The violation of policy cited in the first disposition document certainly comes within this language. It is my opinion, therefore, that the first paragraph of the first disposition document enclosed with your request is open for public inspection. I cannot determine, however, whether the remainder of this first disposition document relates to, or forms a basis for, any suspension or termination. If the information in these two paragraphs did not form a basis for a suspension or termination, then in my opinion, it is not subject to public inspection and copying and should be excised from the document prior to its release.
It is my opinion, similarly, that the second disposition document enclosed with your request is not subject to inspection and copying because it does not detail or form a basis for, a suspension or termination of the officer. Again, such an action is a prerequisite to the release of "employee evaluation or job performance records."
With respect to the records compiled as a result of the internal investigation, I cannot come to any definite conclusions, as you have not enclosed these documents for my review. Again, however, to the extent any of these documents formed a basis for the suspension based on the violation of agency policy, in my opinion they are subject to inspection and copying under the FOIA. In my opinion there is a compelling public interest surrounding this particular infraction. Other internal investigation records, if they did not form a basis for the decision to suspend the officer, are in my opinion not subject to disclosure under the Act.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh